IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ROBERT J. JESENIK**, **ANDREW N. MacRITCHIE**, and **BRIAN K. RICE**, <br><br> Defendants. | Case No. 3:20-cr-228-SI |
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **OLAF JANKE**, <br><br> Defendant. | Case No. 3:19-cr-237-SI |

ADDITIONAL ORDER REGARDING RESTITUTION

**Michael H. Simon, District Judge.**

During the restitution hearing held on April 8, 2024, the Court granted in part and denied in part the Government's request that restitution be ordered against Defendants Robert J. Jesenik, Andrew N. MacRitchie, and Brian K. Rice in Case No. 3:20-cr-228-SI and against Defendant Olaf Janke in Case No. 3:19-cr-237-SI. Defendants' fraudulent scheme and conspiracy caused

PAGE 1 – ADDITIONAL ORDER REGARDING RESTITUTION

significant money losses to approximately 1,389 victims. The Government, however, argued that three different sets of restitution calculations should be used, depending on when a particular victim invested his, her, or its money. This was because Defendant Rice *entered* the fraudulent scheme and conspiracy well *after* the other Defendants and because Defendant Janke *left* the fraudulent scheme and conspiracy well *before* it ended (and well before Defendant Rice entered). Only Defendants Jesenik and MacRitchie participated in the fraudulent scheme and conspiracy throughout its multi-year duration.

On April 8, 2024, the Court invoked the complexity exception under 18 U.S.C. § 3663A(c)(3)(B) to conclude that including Defendants Rice and Janke would make an order restitution using different formulas, depending on when a victim (out of 1,389 victims) invested, too difficult to calculate or administer. Thus, the Court ordered restitution only against the lead Defendants, Messrs. Jesenik and MacRitchie, jointly and severally. The Court explained its reasoning on the record. The Government's Motion for Reconsideration does not change the Court's analysis or conclusion.

For example, suppose in any given time period relevant for restitution purposes, X dollars came in from Defendants Jesenik and MacRitchie, Y dollars came in from Defendant Rice, and Z dollars came in from Defendant Janke. Thus, the total of X+Y+Z dollars would be available to distribute to the victims. Of the 1,389 victims, however, some invested well before Defendant Rice ever entered the conspiracy, and others invested well after Defendant Janke left the conspiracy. The Government's motion for reconsideration does not explain how the Court should determine how much (*i.e.*, what fraction of X+Y+Z) each of the 1,389 investors receive.

In **Case No. 3:20-cr-228-SI**, the Court GRANTS IN PART AND DENIES IN PART the Government's Amended Motion for Order of Restitution (ECF 849), DENIES the Government's

PAGE 2 – ADDITIONAL ORDER REGARDING RESTITUTION

Motion for Reconsideration of Order Regarding Restitution (ECF 860), and GRANTS IN PART AND DENIES IN PART the Government's Second Amended Motion for Order of Restitution (ECF 861). The Court accepts the Government's recalculated total restitution amount of $46,111,105 as stated in ECF 861 and ECF 862 but continues to order that restitution may only be assessed against Defendants Robert J. Jesenik and Andrew N. MacRitchie, for the reasons previously stated on the record on April 8, 2024. In **Case No. 3:19-cr-237**, the Court DENIES the Government's Amended Motion for Order of Restitution (ECF 65), the Government's Motion for Reconsideration of Order Regarding Restitution (ECF 73), and the Government's Second Amended Motion for Order of Restitution (ECF 74) for the reasons previously stated on April 8, 2024.

**IT IS SO ORDERED.**

DATED this 21st day of August, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge